J-S29019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHAIZ EDWARD BROWN | |
| Appellant | No. 1288 WDA 2014 |

Appeal from the PCRA Order July 31, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002088-2006

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED MAY 7, 2015**

Appellant, Chaiz Edward Brown, appeals from the July 31, 2014 order, denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we reverse and remand for resentencing.

On September 25, 2008, the trial court sentenced Appellant to a mandatory sentence of life imprisonment after he was found guilty of one count each of murder in the second degree, robbery, and three firearms offenses,[1] committed when Appellant was 17 years old.  On December 16, 2011, this Court vacated the robbery portion of Appellant's sentence,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 6106(a)(1), 6105(c)(7), and 6110.2(a), respectively.

concluding it should have merged with the sentence for second-degree murder. We affirmed Appellant's judgment of sentence in all other respects. ***Commonwealth v. Brown***, 40 A.3d 195 (Pa. Super. 2011) (unpublished memorandum at 11), *appeal denied*, 47 A.3d 843 (Pa. 2012). On January 11, 2012, Appellant filed a petition for allowance of appeal with our Supreme Court, which was denied on July 2, 2012. ***Id.*** Appellant timely filed the instant PCRA petition on July 26, 2012.

Appellant argues the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), should apply retroactively to him. ***Miller*** retroactively applies to all cases that were pending on direct appeal when it was decided. ***Commonwealth v. Brown***, 71 A.3d 1009, 1016 (Pa. Super. 2013), *appeal denied*, 77 A.3d 635 (Pa. 2013). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the … Supreme Court of Pennsylvania …." 42 Pa.C.S.A. § 9545(b)(3). ***Miller*** was decided on June 25, 2012, when Appellant's *allocatur* petition was still pending in our Supreme Court. Therefore, Appellant's case was still on direct appeal when ***Miller*** was decided, and it does retroactively apply. The PCRA court and the Commonwealth's reliance on ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), *cert. denied*, ***Cunningham v. Pennsylvania***, 134 S. Ct. 2724 (2014), is erroneous, as ***Cunningham*** pertains to cases where the judgment of sentence was final when ***Miller*** was decided. ***Id.*** at 4. On

remand, the PCRA court shall vacate the judgment of sentence and resentence Appellant consistent with **Miller** and **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).[2]

Based on the foregoing, we conclude the trial court erred when it denied Appellant's PCRA petition. Accordingly, the PCRA court's July 31, 2014 order is reversed, and the case is remanded for resentencing, consistent with this judgment order.

Order reversed. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2015

---

[2] In light of our disposition, Appellant's argument that the PCRA court erred in not allowing him to amend his PCRA petition to raise additional **Miller** retroactivity arguments is moot. We also note that although the General Assembly passed Section 1102.1 in October 2012 to address **Miller**, its text limits its application to those "convicted after June 24, 2012[.]" 18 Pa.C.S.A. § 1102.1(a), (c).